HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE F. SHERMAN,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE
OFFICE OF THE INSPECTOR GENERAL,

    Defendant.

Case No. MS08-5007RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Lawrence Sherman's Motion for an Order Pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. §3410. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On or about April 16, 2008 Sherman filed the instant motion seeking to quash an administrative subpoena for financial records issued by the United States Postal Service Office of Inspector General ("USPS OIG"). Pursuant to 12 U.S.C. §3410(b) this Court directed the Government to file a sworn response to the motion. In the response, the Government indicates that Sherman is under investigation regarding the propriety of receipt of both unemployment compensation and salary from the USPS. Declaration of Isaac Mertes. The financial records sought are from the Service Credit Union, the financial institution at which both the unemployment benefits and salary were deposited. Id. Because Sherman denies knowledge of receiving both benefits and salary, the USPS OIG argues that a review of Sherman's account activities at Service Credit Union "will allow the OIG to determine whether Mr. Sherman was aware that he was concurrently receiving

1   both unemployment benefits and salary from the USPS and will inform OIG's decision as to whether Mr.
2   Sherman may have committed either fraudulent or criminal activities." Id.

3   Title 12 U.S.C. §3410(b) directs this Court to determine if at all possible the propriety of the subpoena
4   on the motion and the response. ("If the court is unable to determine the motion or application on the parties'
5   initial allegations and response, the court may conduct such additional proceedings as it deems appropriate.")
6   *See also Davidov v. U.S. S.E.C.*, 415 F. Supp. 2d 386 (S.D.N.Y. 2006) (no right of reply under 12 U.S.C.
7   §3410 to Government's response). If the Government meets its burden to show "that there is a demonstrable
8   reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought
9   are relevant to that inquiry," the Court "shall deny the motion." 12 U.S.C. §3410(c); *In re Blunden,* 896 F.
10  Supp 996 (C.D. Cal. 1995).

11  The Court finds that the Government has met its burden of showing the records sought are relevant
12  to a legitimate law enforcement inquiry because the records of the Service Credit Union may tend to show
13  Sherman's knowledge, or lack thereof, of the receipt of both salary and unemployment benefits. It is therefore

14  **ORDERED** that Sherman's Motion for an Order Pursuant to the Right to Financial Privacy Act of
15  1978, 12 U.S.C. §3410, to quash the subpoena issued to Service Credit Union is **DENIED**. The USPS OIG
16  is hereby permitted to obtain the records described in the administrative subpoena issued by the USPS OIG
17  to the Service Credit Union.

18  The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
19  pro se.

20  Dated this 15th day of May, 2008.

22  RONALD B. LEIGHTON
23  UNITED STATES DISTRICT JUDGE

ORDER
Page - 2